<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| A.K. | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-4243 |
| v. | : | **OPINION** |
| NORTHERN BURLINGTON REGIONAL SCHOOL DISTRICT, et al, | : | |
| Defendants. | : | |

<u>**RODRIGUEZ**</u>, Senior District Judge

This matter comes before the Court on Plaintiff's ("A.K.") Motion to Remand pursuant to 28 U.S.C. § 1447. At issue is whether Plaintiff's Complaint presents a federal question pursuant to 28 U.S.C. § 1331 where Plaintiff alleged that Defendant violated the New Jersey Law Against Discrimination ("LAD") by failing to provide services in accordance with Plaintiff's Individualized Education Plan ("IEP"), which was created pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 <u>et</u> <u>seq.</u>, ("IDEA"). Defendant Northern Burlington Regional School District ("the district") argues that Plaintiff's LAD claim is actually a claim for relief under the IDEA and therefore a federal cause of action. Plaintiff argues that his claim is premised solely on state law and that any references to Plaintiff's IEP contained in his Complaint are made only for background purposes and as evidence of Defendant's obligations under, and violations of, the LAD. The Court has reviewed the written submissions of the parties and oral arguments were held on January 24, 2012. For the reasons stated below, Plaintiff's motion to remand will be granted.

**Factual Background**

The facts according to Plaintiff's Complaint are as follows. Plaintiff, A.K., is a minor who has been diagnosed with autism and brings this claim through his mother, C.K. A.K. was a student in the Northern Burlington Regional School District. At some point, an IEP was created which provided for a number of services for A.K. to be provided by the district. The school psychologist, April Hayes, was charged with managing the effectiveness of the IEP; according to Plaintiff, he was "nearly entirely ignored" by Hayes. Compl. at ¶ 11. A.K. became withdrawn and upset and began to hit himself, causing a hematoma. C.K. complained to Hayes to no avail. On or about December 8, 2010, A.K. withdrew from school and became homebound after an incident in which he hit himself in excess of one hundred times. A.K. had struck himself while in the school nurse's office and, without contacting C.K., the school sent A.K. back to class.

Once A.K. became homebound, he suffered severe withdrawal and became "violently self-flagellating," causing serious injury to his skull. Id. at ¶ 21. After A.K. withdrew from school, the district "abandoned A.K. and C.K." and failed to follow the IEP or provide other support services. Id. at ¶ 23. As a result, A.K. suffered further "psychiatric, physical, educational, and emotional injury." Id.

**Procedural History**

Plaintiff filed this single-count Complaint in the Superior Court of New Jersey, Burlington County on May 5, 2011 alleging violations of the New Jersey Law Against Discrimination. The Complaint was served upon Defendant on June 27, 2011. On July 25, 2011, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Plaintiff filed the present Motion to Remand on August 11, 2011.

**Discussion**

**I. Standard of Review**

A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case. See 28 U.S.C. § 1447(c). As the party removing the case, the defendant has the burden to prove that federal court jurisdiction is proper at all stages of the litigation. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The district court must resolve all contested issues of fact and uncertainties of law in favor of the plaintiff. See Boyer, 913 F.2d at 111. Moreover, the court should strictly construe removal statutes and resolve all doubts in favor of remand. See Abels, 770 F.2d at 29. The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. See Bowles v. Russell, 551 U.S. 205, 212-13 (2007) (internal citation omitted) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them.").

In order for removal to be proper, the federal court must have original jurisdiction to hear the case. See 28 U.S.C. § 1441(a); U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002). One basis of original jurisdiction is federal question jurisdiction. See 28 U.S.C. § 1331; U.S. Express, 281 F.3d at 389. Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. If the federal court has original jurisdiction based upon federal question, the case may be removed without regard to the

citizenship of the parties.  See 28 U.S.C. § 1441(b).  One claim conferring federal question jurisdiction is sufficient for the entire case to be removed to federal court.  See id. § 1441(c).  The district court, however, may exercise its discretionary powers to remand all matters to state court in which state law predominates.  See id.

Next, the well-pleaded complaint rule requires that the face of the plaintiff's complaint provide the basis for federal question jurisdiction by raising issues of federal law.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  Federal jurisdiction cannot arise from a defense that raises a federal question.  See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).  The basis for federal question jurisdiction must exist within the four corners of the complaint.  See id.  In light of the presumption in favor of remand, district courts should remand close or doubtful cases to the state courts from which they were removed.  See Abels, 770 F.2d at 29.  Remand to state court avoids a later determination that the federal court is without jurisdiction, and places the case in a forum having clear jurisdiction over the case.  See id. (internal citation omitted).

## II. Plaintiff's Arguments in Favor of Remand

Plaintiff argues in his motion and states in his Complaint that his cause of action relates only to the period of time after he became homebound, and that any allegations made to occurrences prior to his withdrawal from school are provided for background only. According to Plaintiff, there is no IDEA question that is a "substantial and essential" element in finding Defendant liable and that the IDEA therefore does not provide a basis for federal jurisdiction in this case. Rather, Plaintiff contends that his sole claim for relief is brought pursuant to the LAD.

4

Though reference is made to the IEP in the Complaint, Plaintiff argues that he is not challenging the sufficiency or extent of the IEP. Rather, Plaintiff offers the IEP as *per se* evidence of Plaintiff's disability for LAD purposes and Defendant's obligation under the LAD to provide a reasonable accommodation. The IEP, Plaintiff insists, is used solely to establish a duty under an LAD theory of liability, and not to state a claim under the IDEA. In other words, Plaintiff's claim is that Defendant's alleged failure to fully implement A.K.'s IEP after A.K. became homebound provides the basis of Plaintiff's separate and distinct cause of action for discriminatory treatment under the LAD. In addition, Plaintiff contends that he is seeking relief in the form of compensatory damages that are not available under the IDEA but that are available under the LAD.

### III. Defendant's Arguments Against Remand

Defendant focuses largely on Plaintiff's prayer for relief in the Complaint, where Plaintiff seeks, among other things, "equitable orders requiring the immediate and total implementation of the IEP to its fullest extent." Because Plaintiff seeks relief arising out of Defendant's alleged failure to follow Plaintiff's IEP, Defendant argues that Plaintiff's theory of liability and the rights Plaintiff seeks to assert "rely entirely on the construction of" the IDEA and that jurisdiction is therefore proper in this court. Def.'s Br. at 4.

Defendant argues that Plaintiff's claims involve rights arising under federal law. Specifically, Defendant contends that Plaintiff's allegations that the district failed to follow A.K.'s IEP implicate federally created rights that are an essential element to Plaintiff's cause of action. In addition, Plaintiff seeks the immediate and total implementation of his IEP, which Defendant argues is a claim for relief under the IDEA.

**IV. Analysis**

It is axiomatic that a plaintiff is the master of his or her complaint, "and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987); Mints v. Educ. Testing Service, 99 F.3d 1253, 1256 (3d Cir. 1996). As such, the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. Even where state law creates a plaintiff's cause of action, however, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983). That said, "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." Caterpillar, 482 U.S. at 399 (emphasis in original). See also, Merrell Dow Pharm. Inc., 478 U.S. at 810, n. 6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced").

At oral argument, Defendant argued that because Plaintiff alleges that the district failed to comply with its duties pursuant to the IEP, the Court must determine whether or not the district complied with its obligations under the IDEA in order to determine whether Plaintiff is entitled to relief. The Court disagrees. While it may be possible that Plaintiff's allegations regarding his IEP *could* give rise to a cause of action under the IDEA, Plaintiff has chosen not to state such a claim or pursue a theory of liability predicated on the IDEA.

Plaintiff relies on a case from the Southern District of Illinois, Reuther v. Shiloh

School Dist. No. 85, Civ. No. 07-689, 2008 WL 191195 (S.D. Ill. Jan. 18, 2008), in support of his argument that federal law (the IEP created pursuant to the IDEA), is merely "the creator of the duties" owed to A.K., while the theory of liability is based solely on state law. In Reuther, the school district's alleged failure to comply with or appropriately develop a student's IEP led to incidents which caused the student to suffer physical and emotional injuries. The plaintiffs stated a negligence cause of action and sought compensatory damages. The defendants removed, contending that the plaintiffs were actually stating a claim under the IDEA. The district court remanded the case, finding no federal jurisdiction where the plaintiff sought relief based only on state tort law. Id. at *4. The court held:

> The Reuthers could have brought a federal claim for compensation for Jakob's injuries pursuant to 42 U.S.C. § 1983. They choose not to. The Reuthers advance federal law solely as the creator of the duties owed Jakob. However, the theories upon which their claims are based are solely state tort law. Accordingly, no claim in this action arises under federal law. Therefore, the Court is without jurisdiction over this matter.

Id. Plaintiff argues that the same analysis is before the Court in this case. The Court agrees.

Without assessing the viability of Plaintiff's claim, the Court notes that the LAD prohibits "any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . ." N.J.S.A. 10:5-12(f) (2008). A finding as to whether or not Defendant discriminated against Plaintiff in violation of the LAD does not require a determination as to whether

7

Defendant violated the IDEA. The alleged duties that the district owed to A.K. pursuant to his IEP and under the IDEA may also implicate duties owed to A.K. that exist separately and concurrently under the LAD. See e.g., Hornstine v. Twp. of Moorestown, 263 F. Supp. 2d 887, 901 -902 (D.N.J. 2003) (discussing distinction between IDEA claims and disability-based discrimination claims under the Rehabilitation Act and the ADA). As in Reuther, Plaintiff can and has chosen to pursue only a claim arising under state law, namely, for discrimination under the LAD.

Defendant, however, seeks to distinguish Reuther. Defendant argues that Plaintiff's references to his IEP are not "peripheral," as Defendant reads them to be in Reuther. Rather, Defendant argues that the IEP plays a prominent role in the claims Plaintiff asserts and the relief Plaintiff seeks. Defendant further observes that in Reuther, the plaintiffs sought only money damages for the injuries that the student sustained, and that a significant factor in that court's decision to remand was the fact that "no change" to the IEP "can remedy the damage done" to the student's body and that "[n]o injunctive relief is available to help him now." Reuther, 2008 WL 191195 at *4. In contrast, Defendant contends, "the implementation of the IEP is precisely what plaintiff seeks," and this remedy is available pursuant to the IDEA. In addition, Defendant argues that because Plaintiff is seeking relief that is available under the IDEA, the IDEA requires that Plaintiff exhaust the administrative remedies provided for in the statute, no matter what law forms the basis of his claim.

At oral argument, Plaintiff's counsel offered that Plaintiff was willing to dismiss his demands for equitable relief contained in the Complaint. The Court finds, however, that the analysis of Defendant's arguments in support of this Court's jurisdiction would

8

remain unchanged. As an initial matter, the injunctive relief sought in Plaintiff's prayer for relief may or may not be available under the LAD as well as the IDEA.[1] Whether or not Plaintiff must first exhaust IDEA administrative remedies before seeking the requested equitable relief raises a defense which, as discussed above, cannot create federal jurisdiction. See Merrell Dow Pharm. Inc., 478 U.S. at 808. In addition, the question as to whether or not Plaintiff is *entitled* to relief is distinct from the question as to whether or not Plaintiff is entitled to the particular *forms* of relief demanded in his Complaint. It is the former question which implicates the nature of Plaintiff's claim and the law giving rise to the stated cause of action, thereby controlling the question of whether this Court has subject matter jurisdiction.

While it may be true that Plaintiff has requested equitable relief addressing harms relating to his education, "the IDEA is not the exclusive avenue through which children with disabilities can assert claims for an appropriate education." Susan N. v. Wilson School Dist., 70 F.3d 751, 763 (3d Cir. 1995). Here, Plaintiff has elected to pursue a claim for disability-based discrimination under state law; whether or not Defendant may pursue a defense to that claim that is premised on the IDEA does not give rise to a federal question. Because Plaintiff states only a claim for relief under the LAD, and because the determination of his right to relief under that law does not require the resolution of a federal question, this Court lacks subject matter jurisdiction and this

---

[1] The LAD provides that "[a]ll remedies available in common law tort actions shall be available to prevailing plaintiffs" in civil actions brought pursuant the statute. N.J.S.A. 10:5-13. Moreover, the Court observes that while the Reuther court did note that no "change" to the plaintiff's IEP could provide a remedy for his physical harms, Plaintiff here has not requested a change to the IEP nor challenged its content or formation. Rather, Plaintiff requests the implementation of the IEP as is.

matter will be remanded to the Superior Court of New Jersey, Burlington County.

## **Conclusion**

For the reasons stated above, Plaintiff's motion to remand will be GRANTED. The appropriate orders shall issue.

Dated: February 1, 2012

                                              ___/s/ Joseph H. Rodriguez_____
                                              Hon. Joseph H. Rodriguez
                                              United States District Judge